**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PETER GARDNER; CHRISTIAN GARDNER, as assignees of Third-Party Plaintiff Henderson Water Park, LLC dba Cowabunga Bay Water Park,

    Plaintiffs,

vs.

BLISS SEQUOIA INSURANCE & RISK ADVISORS, INC.; HUGGINS INSURANCE SERVICES, INC.,

    Defendants.

Case No.: 2:19-cv-02055-GMN-EJY

**ORDER**

Pending before the Court is the Motion to Remand, (ECF No. 6), filed by Plaintiffs Peter Gardner and Christian Gardner ("Plaintiffs"). Defendants Bliss Sequoia Insurance & Risk Advisors, Inc. and Huggins Insurance Services, Inc. (collectively "Bliss Sequoia") filed a Response, (ECF No. 11), and Plaintiffs filed a Reply, (ECF No. 12). For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion to Remand.[1]

**I.  BACKGROUND**

On July 28, 2015, Plaintiffs brought a lawsuit in the Eight Judicial District Court for Clark County, Nevada ("Nevada state court") on behalf of their son, Leland Gardner ("L.G."), against Henderson Water Park, LLC ("HWP"). (Docket of *Gardner v. Henderson Waterpark, LLC*, Case No. A-722259-C, at 5, Ex. 3 to Mot. Remand, ECF No. 6-3). This lawsuit centered

---

[1] Also pending before the Court is Plaintiffs' Motion for Expedited Decision, (ECF No. 13), on the Motion to Remand, (ECF No. 6). Plaintiffs explain that an expedited decision is necessary because delay could result in dismissal for failure to proceed to trial within five years, as required by Nevada Rule of Civil Procedure ("NRCP") 41(e). The Court expresses no opinion on the merits of dismissal under NRCP 41(e), but nevertheless **GRANTS** Plaintiffs' Motion for Expedited Decision.

on negligence by HWP in failing to monitor a wave pool, causing L.G.'s near-drowning and "severe neurological injuries" that require "24-hour care." (Mot. Remand 2:8–12).

Plaintiffs eventually added HWP's owners and managers as additional defendants ("Individual Defendants") in their lawsuit. HWP and the Individual Defendants then filed their own claims against Bliss Sequoia through third-party complaints. The Individual Defendants filed their third-party complaint on November 13, 2018; and HWP filed its on November 28, 2018. (Individual Defs.' Third-Party Compl., Ex. B to Resp., ECF No. 11-2); (HWP's Third-Party Complaint, Ex. C to Resp., ECF No. 11-3). Both third-party complaints centered on professional negligence by Bliss Sequoia due to repeated failures to respond to inquiries regarding the adequacy of HWP's insurance coverage and Bliss Sequoia's professional opinion that HWP's policy limits of $5 million were sufficient. (*See* Individual Defs.' Third-Party Complaint ¶¶ 10–51, ECF No. 11-2); (HWC's Third-Party Complaint ¶¶ 6–48, ECF No. 11-3). Though Bliss Sequoia moved to sever these third-party claims from Plaintiffs' initial lawsuit, the Nevada state court overseeing the action refused severance. (Min. Order, Ex. E to Resp., ECF No. 11-5). The Nevada state court did, however, bifurcate the third-party claims. (*Id.*) ("In fact, the [Nevada district court] agrees . . . that the [third-party] claims are factually interlinked and final resolution of the Plaintiffs' Complaint controls the Third-Party Complaint (due to the fact that [Bliss Sequoia] only have liability if the Plaintiffs prevail.)"). Thus, the claims against Bliss Sequoia were to be tried separately from Plaintiffs' claims, and this separate trial would occur after resolution of Plaintiffs' claims. (*Id.*).

In November of 2019, Plaintiffs, HWP, and the Individual Defendants reached a settlement and Stipulated Judgment. As part of that settlement, HWP assigned to Plaintiffs "all contractual, tort-based and equitable causes of action against [Bliss Sequoia], and any other as-yet unasserted causes of action arising out of [Bliss Sequoia's] professional opinion that [HWP's insurance coverage] was adequate." (Stip. J. 2:2–3:27, Ex. 2 to Mot. Remand, ECF

No. 6-2). The settlement and Stipulated Judgment meant that Plaintiffs assumed HWP's role in the litigation; and soon after, Plaintiffs filed a First Amended Third-Party Complaint against Bliss Sequoia ("Third-Party Complaint"). (Am. Third-Party Compl., Ex. 4 to Mot. Remand, ECF No. 6-4) (showing the Amended Third-Party Complaint filed on November 20, 2019).

Following the Nevada district court's approval of the settlement between Plaintiffs, HWP, and the Individual Defendants, Bliss Sequoia removed Plaintiffs' Third-Party Complaint to this Court pursuant to 28 U.S.C. § 1441(a). (Pet. Removal 1:22–25, ECF No. 1). Bliss Sequoia stated that the "good faith determination by the state court provided grounds for removal" based on under 28 U.S.C. § 1332 because the approval dismissed the non-diverse parties and showed that "complete diversity between the parties now exists." (*Id.* 5:7–16).

Roughly eight days after Bliss Sequoia filed their Petition for Removal, Plaintiffs moved to remand this case to Nevada state court on the ground that removal was untimely. (Mot. Remand 6:23–8:11). Plaintiffs also seek attorney's fees by arguing that Bliss Sequoia's removal lacked an objectively reasonable basis. (*Id.* 8:12–9:23).

## II. **LEGAL STANDARD**

If a plaintiff files a civil action in state court, the defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). However, removal statutes are strictly construed against removal jurisdiction, and the defendant always has the burden of establishing that removal is proper. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *Ritchey v. UpJohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

## III. DISCUSSION

Plaintiffs assert that this is a "clear-cut case where federal law requires remand." (Mot. Remand 2:2, ECF No. 6). Their argument centers on 28 U.S.C. § 1446(c), which states that "a case may not be removed . . . on the basis of jurisdiction conferred by [28 U.S.C. § 1332] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). According to Plaintiffs, commencement of this action occurred more than four years ago—when they filed their initial Complaint in Nevada state court on July 27, 2015. Because Bliss Sequoia filed the Petition for Removal on November 27, 2019, through diversity jurisdiction conferred by 28 U.S.C. § 1332, removal would be outside § 1446(c)'s one-year limit.

Bliss Sequoia, however, do not identify the July 27, 2015 Complaint as the filing which commenced *this* action. Rather, Bliss Sequoia contend that, "in relation to third-party defendants seeking removal, an action commences for purposes of triggering § 1446(c)(1)'s one-year period when a third-party complaint is filed." (Resp. 6:26–28, ECF No. 11). Bliss Sequoia use Plaintiffs' Third-Party Complaint, which was originally filed on November 28, 2018, as the operative filing for purposes of 28 U.S.C. § 1446(c)'s one-year window. Bliss Sequoia also argue that, even if removal occurred beyond the one-year deadline, equitable considerations permit untimely removal. (*Id.* 11:9–14:22).

**A. Timeliness of the Petition for Removal**

"Commencement" in the context of removal pursuant to 28 U.S.C. § 1446(c) "refers to when the action was initiated in state court, according to state procedures." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th Cir. 2005); *Fong v. Beehler*, 624 F. App'x 536 (9th Cir. 2015). The Court thus turns to Nevada law—particularly, Nevada Rule of Civil Procedure ("NRCP") 3 governing commencement of an "action." Rule 3 states, "[a] civil action is

commenced by filing a complaint with the court." Nev. R. Civ. P. 3. Moreover, the Nevada Supreme Court in *United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. v. Manson* interpreted NRCP 3 to mean that the operative "complaint" to commence an "action" comes from "the plaintiff." *United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. v. Manson*, 783 P.2d 955, 957 (Nev. 1989). Crossclaims, counterclaims, and third-party claims use the original complaint's filing date to determine when the overall "action" commenced. *Id.*

Applying *Manson* here indicates that commencement of this "action" occurred when Plaintiffs filed their initial Complaint in 2015, rather than the Third-Party Complaint in 2018. Bliss Sequoia attempt to deter reliance on *Manson* by explaining that the decision centered on NRCP 41(e) and did not reference § 1446 or removal. Bliss Sequoia thus conclude that the Nevada Supreme Court could not have intended *Manson* to apply beyond NRCP 41(e) and to removal issues like those now before the Court. But the Court is not persuaded that *Manson* is so limited. The language in *Manson* used the same terminology as § 1446 of "commencement." *Id.* at 958–58. *Manson* also explained that, unlike a claim, an "action" consists of the "claims, counterclaims, and third-party claims." *Id.* The court in *Manson* neither limited its interpretation of NRCP 3 to issues dealing with NRCP 41(e), nor used language to suggest that the decision is irrelevant for purposes of 28 U.S.C. § 1446(c)(1).

Bliss Sequoia also attempt to extend the date that this action "commenced" by citing to an out-of-circuit decision dealing with severance of claims. (Resp. 7:9–20) (citing *Mahl Brothers Oil Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 307 F.Supp.2d 474 486-87 (W.D N.Y. 2004)). They cite this decision for the principle that "the one-year period under § 1446(c) is triggered when the third-party complaint is filed, rather than the original complaint, when a jurisdictional altering event such as severance occurs." (*Id.*). Further, Bliss Sequoia cite to out-of-circuit decisions finding that a third-party complaint can be a "separate civil action" for

purposes of removal when there is a clear divergence between the nature of claims in the initial complaint and those in a third-party complaint.[2] *See, e.g.*, *Rivera v. Fast Eddie's, Inc.*, 829 F. Supp. 2d 1088, 1092 (D.N.M. 2011) (discussing the nature of the claims in the initial complaint versus the third-party complaint and finding that "[t]hese facts weigh heavily in the Court's decision to treat the Third–Party Complaint by Rivera against Valley Forge as a separate civil action for purposes of removal."); *Smith v. Farmers Ins. Co. of Arizona*, No. 14-CV-1073 MCA/WPL, 2015 WL 13260403, at *10 (D.N.M. Dec. 17, 2015). From these cases, Bliss Sequoia argue they can remove Plaintiffs' Third-Party Complaint to federal court within one year of the Third-Party Complaint's filing because the third-party claims are so distinct from those in the original Complaint that they constitute a separate action. (Resp. 8:1–12).

Bliss Sequoia's separate-action arguments fail for three reasons. First, the Nevada state court that oversaw this litigation closely examined whether severance of the Third-Party Complaint should occur over mere bifurcation. The Nevada state court decided to bifurcate, explaining how "[s]everance would be appropriate if the claims were separate and discrete, but in this case, this Court has already ruled that the cases were somewhat interconnected." (Min. Order, Ex. E to Resp., ECF No. 11-5). Consequently, this case differs in a material way from those where severance of a third-party complaint essentially created an independent action holding a new one-year removal deadline under § 1446. And as third-party defendants, Bliss

---

[2] Bliss Sequoia identify two decisions from Montana to support their argument that "an action commences for purposes of triggering § 1446(c)(1)'s one-year period when a third-party complaint is filed—not when the original complaint is filed." (Resp. 6:26–7:8) (citing *Ossello v. Swift Rock Financial, Inc.*, 2017 WL 4842371, at *4 (D. Mont. October 26, 2017) and *Ossello v. Swift Rock Financial, Inc.*, 2017 WL 3276884, at *3-4 (D. Mont. July 27, 2017)). However, neither decision held as a matter of law that the filing date of a third-party complaint "commences" an action for purposes of removal under § 1446. Rather, these two decisions analyzed commencement based on the third-party complaint's filing date only "for purposes of discussion" because the notice of removal was untimely as of the filing dates for both the original complaint *and* the third-party complaint. *See Ossello*, No. CV 17-31-BU-DLC-JCL, 2017 WL 4842371, at *4 (D. Mont. Oct. 26, 2017) ("For the sake of convenience, the Court will treat the filing of Ossello's third-party complaints as the initial pleadings.").

Sequoia appear unable to remove the action.[3] *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1749, *reh'g denied*, 140 S. Ct. 17 (2019); *Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011).

The second reason to go against Bliss Sequoia's argument is that at least one court within this Circuit recently rejected the principle that severance can create a new one-year deadline for removal under § 1446(c). *In re Roundup Prod. Liab. Litig.*, 396 F. Supp. 3d 893, 899 (N.D. Cal. 2019) ("But considering the statute's text and underlying purpose, the better reading is that a case does not recommence once it is severed, meaning the one-year period begins when a case is first filed in state court."). The Court finds this recent decision persuasive.

Third, even if Nevada courts would consider a third-party complaint to be a "separate action" from the original complaint in circumstances like this case (which appears inconsistent with *Manson*), the Nevada state court that originally handled this case stated it "cannot conclude that the [third-party] claims are separate and distinct, from the underlying claims." (*Id.*). Bliss Sequoia do not demonstrate that the Nevada state court's analysis of the relationship between claims is incorrect or inapplicable.[4] The state court's decision thus stands against the Third-Party Complaint being so unrelated to the initial Complaint that it essentially is a separate action warranting a one-year removal deadline starting on November 28, 2018.

---

[3] Bliss Sequoia claim in their removal petition that labeling them as third-party defendants is inaccurate because, after HWP assigned its third-party claims to Plaintiffs, Plaintiffs and Bliss Sequoia became the "sole remaining parties . . . after the settlement that resolved all other claims." (Pet. Removal 4:4–7, ECF No. 1). However, Bliss Sequoia do not cite authority within this Circuit to show that assignment of claims results in a new "action" where Bliss Sequoia become the original defendants; and their ability to remove under these circumstances seems to be without merit in light of *Home Depot U.S.A., Inc.* and *Westwood Apex*.

[4] To the extent that Bliss Sequoia challenge the Nevada state court's view on the interconnected nature of claims or argue that Nevada law is unclear on this issue, such uncertainty favors remand. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," and "the defendant always has the burden of establishing that removal is proper."); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988) ("This court strictly construes the removal statute against removal jurisdiction.").

Altogether, the Court finds that this action "commenced" for purposes of 28 U.S.C. § 1446(c) on July 27, 2015. Because removal occurred more than four years later, the remaining issue is whether equitable considerations permit the untimely removal.

**B. Equitable Tolling**

Bliss Sequoia argue that even if the Court applies a one-year removal deadline beginning in 2015, "the one-year removal requirement is subject to equitable doctrines such as waiver, forfeiture, estoppel, and tolling." (Resp. 11:10–24). Under these equitable doctrines, according to Bliss Sequoia, the Court can permit removal in the interests of justice and based on diligence in seeking removal. (*Id.* 14:4–22). By contrast, Plaintiffs contend that Bliss Sequoia rely on outdated law, because the concept of equitable tolling of the one-year time limitation "ceased to have any application when Congress amended 28 U.S.C.A. § 1446 to include an express bad-faith exception in 2011." (Reply 6:10–17). Since Bliss Sequoia do not allege that Plaintiffs acted in bad faith to prevent removal, Plaintiffs argue that tolling is unavailable. (*Id.* 8:16–20).

Plaintiffs correctly note that § 1446(c) names one equitable consideration to override the one-year removal deadline: where a plaintiff acts in "bad faith" to prevent removal. *See* 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."); *see also* 28 U.S.C. § 1446(c)(3)(B) ("If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)."). The fact that § 1446(c) discusses no other equitable consideration to toll the one-year deadline sharply directs against invoking other equitable doctrines. *Boggs*, 863 F.2d at 663 ("This court strictly construes the removal statute against removal jurisdiction.").

Moreover, while the Ninth Circuit in *Smith v. Mylan Inc.* found § 1446(c)'s one-year limit to be procedural rather than jurisdictional, that decision dealt with waiver of arguments and a district court's power to order remand without a timely filed motion. *See Smith v. Mylan, Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (holding that because procedural defects are waivable, a district court lacked authority to remand based on the defendants' violation of 1446(c)'s one-year time limitation absent a timely filed motion to remand). Bliss Sequoia do not cite binding or persuasive authority that analyzed the post-2011 removal statute, invoked non-statutory equitable considerations under circumstances like this case, and circumvented § 1446(c)'s one-year removal deadline. Accordingly, without bad faith conduct by Plaintiffs to prevent removal, equitable considerations stemming from Bliss Sequoia's diligence alone do not permit removal of the claims here. *See Hilderbrand v. Bos. Sci. Corp.*, No. 2:17-CV-06975-RGK-AS, 2017 WL 10440154, at *3 (C.D. Cal. Dec. 1, 2017).

**C. Attorney's Fees and Costs**

28 U.S.C. § 1447(c) states that a party may receive attorney's fees and costs related to an improper removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Improper removal generally occurs when removal "was objectively unreasonable." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (stating that the standard for awarding attorney's fees turns on "the reasonableness of removal."). One factor to determine objective reasonableness is the "clarity in the relevant law at the time of removal." *Id.*

The Court declines to award attorney's fees and costs to Plaintiffs based on Bliss Sequoia's removal. While remand is appropriate, Bliss Sequoia did not neglect binding authority. In fact, Bliss Sequoia supported their arguments with decisions from courts that have accepted their position, albeit mostly from courts outside the Ninth Circuit or under somewhat

dissimilar circumstances. *See Grancare, LLC*, 889 F.3d at 552 ("Removal is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'") (quoting *Lussier v. Dollar Tree Stores*, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008)).

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 6), is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Expedited Decision, (ECF No. 13), is **GRANTED**.

The Clerk of Court is instructed to remand this matter to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-15-722259-C, and close the case.

**DATED** this __21__ day of January, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court